UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD MCKENZIE,

    Plaintiff,

v.

DAVID G. BLOCKER, et al.,

    Defendants.

_____/

Case No. 22-cv-10886

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2) AND SUMMARILY DISMISSING CAUSE OF ACTION

### I.  INTRODUCTION

On April 16, 2022, Gerald McKenzie, initiated the instant action against the City of Detroit and David G. Blocker, a Detroit Police Officer.  ECF No. 1.  Mr. McKenzie seeks damages pursuant to 28 U.S.C. § 2513; 42 U.S.C. §§ 1983 and 1988; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and MCL 600.2907.  *Id.*  He bases his request on the Sixth Circuit finding he was entitled to habeas relief for his 1984 state conviction for assault with

1

intent to murder, and subsequent life sentence, in *McKenzie v. Smith*, 326 F.3d 721, 722 (6th Cir. 2003).

Along with his Complaint, Mr. McKenzie filed an "Affidavit of Indigency," stating he is unable to pay the costs and fees association with filing his Complaint due to his indigency. ECF No. 2. The Court will thus construe, Mr. McKenzie's affidavit as an application to proceed *in forma pauperis*. Upon review of the affidavit, the Court determines Mr. McKenzie lacks sufficient funds to pay the required fees. Accordingly, the Court will grant his application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Having done so, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

## II. LEGAL STANDARD

In reviewing an in forma pauperis application, a court "shall dismiss" any complaint that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is legally frivolous if it is based on "indisputably meritless legal theories." *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490

2

U.S. at 327). Similarly, a complaint is factually "when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson*, 529 F. App'x at 559-560 (quoting *Neitzke,* 490 U.S. at 327.)

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Nevertheless, a *pro se* complaint must still state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief may be granted, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("[T]o survive scrutiny under §[] [] 1915(e)(2)(B)(ii), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

### III. ANALYSIS

As stated *supra*, Mr. McKenzie attempts to bring claims pursuant to 28 U.S.C. § 2513; 42 U.S.C. §§ 1983 and 1988; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and MCL 600.2907. For the reasons that follow, his federal claims are either legally frivolous or fail to state a claim upon which relief can be granted.

**A. 42 U.S.C. § 1988 Claim**

Section 1988 provides the district court with authority to award attorney's fees to a 'prevailing party.'" *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007). Thus, to bring a claim under 42 U.S.C. § 1988, the party seeking relief need have "prevailed on the merits of at least some of his claims." *Id*. (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) ("Our [r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.") (alteration in original).

Here, Mr. McKenzie has not "prevailed" on any part of his claims before this Court. Indeed, he has just initiated his cause of action. Moreover, he is proceeding *pro se* and could not be entitled to attorney's fees even if the litigation was further

4

along and he had "prevailed on the merits of at least some of his claims." *Radvansky*, 496 F.3d at 619. Accordingly, Mr. McKenzie has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1988.

### B. Fourth Fifth, Sixth, and Fourteenth Amendment Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). Thus, "[s]ection 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979)).

Section 1983 is thus the avenue through which Mr. McKenzie can attempt to vindicate his alleged Fourth, Fifth, Sixth, and Fourteenth Amendment violations. However, the statute of limitations for claims brought pursuant to § 1983 is the statute of limitations for personal injury actions in the state where the § 1983 action is brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted). For § 1983 actions arising in Michigan, the applicable limitations period is three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing MICH. COMP. LAWS §

5

600.5805(10); *see also Estate of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020)).

Although, he does not provide exact dates, it appears Mr. McKenzie was arrested in March 1984, with his trial and conviction also happening that year. ECF No. 1, PageID.2. His petition for writ of habeas corpus was granted, and his sentence was vacated, on March 8, 2004. *McKenzie v. Smith*, 99-cv-70316-AC, ECF No. 86. Mr. McKenzie filed the instant action on April 16, 2022. He has not provided the Court any reason for his delay in bringing his constitutional claims and thus they are not subject to equitable tolling. Regardless of whether the limitations period began to accrue in 1984 or 2004, Mr. McKenzie is well outside the three-year limitations period for § 1983 actions brought in Michigan and these claims are time barred.

### C. 28 U.S.C. § 2513 Claim

Section 2513 provides the procedure for anyone suing under 28 U.S.C. § 1495, which allows for damages for unjust convictions and imprisonment. 28 U.S.C. § 2513(a). The Court will thus construe Mr. McKenzie's claim under 28 U.S.C. § 2513 as one pursuant to 28 U.S.C. § 1495. Although the most relevant to his situation, Mr. McKenzie's unjust conviction and imprisonment claim is legally deficient.

6

First, §1495 and § 2513 only apply to federal crimes. *Nyabwa v. United States*, 130 Fed. Cl. 179, 184 (2017) ("Both 28 U.S.C. § 1495 and 28 U.S.C. § 2513 relate to criminal offenses against the United States, and, this court does not have jurisdiction to hear a plaintiff's unjust conviction and imprisonment claims arising from state crimes."). Mr. McKenzie was convicted of assault with intent to murder in Michigan state court. He is thus unable to seek relief through these statutes.

Moreover, claims brought pursuant to §1495 and § 2513 can only be brought in the United States Court of Federal Claims. *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.") Thus, even if Mr. McKenzie had been convicted of, and imprisoned due to, a federal offense, venue would be improper in this Court, and the cause of action would have to be transferred. Accordingly, Mr. McKenzie has failed to state a claim upon which relief may be granted under 28 U.S.C. §§ 1495 and 2513.

### IV. CONCLUSION

Because Mr. McKenzie's federal claims are all subject to dismissal, the Court will decline to exercise supplemental jurisdiction over his state law claim for malicious prosecution under MCL 600.2907. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that

7

jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). This will allow Mr. McKenzie to pursue relief in state court via a claim under MCL 691.1755, the State of Michigan's wrongful conviction compensation statute.

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 12, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager